# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

THOMAS ANTWAN JERNELL, :
AIS#10005587,

    Plaintiff, :

vs. : CIVIL ACTION NO. 16-144-WS-N

BALDWIN COUNTY :
CORRECTIONAL CENTER,[1]
                                          :

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, a Baldwin County Sheriff's Correctional Center ("BCSCC") pretrial detainee proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), this action be dismissed with prejudice as frivolous. Billingsley v. Abbett, 2005 WL 1367192 (M.D. Ala. 2005) (unpublished) (dismissing with prejudice as frivolous a § 1983 action against the Tallapoosa County Jail).

### I. Complaint (Doc. 1).

In plaintiff's complaint on the Court's § 1983 form, he names only one defendant, BCSCC. (Doc. 1 at 8). From this defendant, he seeks medical assistance

---

[1] This entity is known as the Baldwin County Sheriff's Corrections Center, and was formerly known as the county jail for Baldwin County, Alabama. See http://www.sheriff.baldwincountyal.gov/divisions (last visited August 18, 2016).

and financial compensation for his physical, mental, and emotional injuries due to inmate Brandon's assault on him.  (Id. at 7, 10).

The allegations contained in the complaint are as follows.  On September 21, 2015, after working out in his cell, plaintiff went upstairs to ask inmate Brandon about his inmate information and if Brandon still would be depositing money into his inmate account.  (Id. at 4).  Plaintiff entered inmate Brandon's cell, awoke Brandon, asked Brandon his questions, and turned around to look in a mirror when "everything happen[ed] so fast[.]"  (Id.).  He remembers "seeing stars, feeling super dizzy, and warm fluid going everywhere[;] next [it] seemed so unreal[.]"  (Id.).

When plaintiff headed down the stairs, everyone "looked crazy at him" and inmate McCord asked him if he was okay and if he needed medical attention.  (Id. at 4-5).  Plaintiff said to get help because he felt weak from the loss of blood coming from his head and thought he may blackout.  (Id. at 5).  When an officer arrived, he was made to walk to the medical unit, where he blacked out.  (Id.).

When plaintiff awoke, he was in the emergency room with doctors asking him questions even though he was going in and out of consciousness.  (Id.).  All he could remember was working out, falling down, getting off his bed, asking somebody a question, and blacking out.  (Id.).  After being cleaned up and having a CT scan performed, he received multiple numbing shots with a large needle and twelve stitches in his head, where there is now a permanent dent.  (Id.).

When he returned to BCSCC, the officers would not give him food for four hours or a mat to lie down on.  (Id.).  They also told him that he would be going to

the medical dorm, but instead he was sent to F-block where he slept on the floor for thirty days with a "fresh open head wound." (Id.).

Later, plaintiff informed medical personnel that he was not feeling right. (Id.). He started having memory lapses, strong headaches, panic attacks, blackouts, and balance problems. (Id.). He wrote a couple grievances stating that he did not remember fighting anybody, and if anything, he was the victim and was innocent. (Id.). Months later, officials wanted him to see a mental health professional, but he did not want any drugs; he just wanted an answer for his injuries. (Id.).

When plaintiff was released from lock-up, he learned from witness statements that inmate Brandon used a steel shower ring from J-block, in a sock, to hit him multiple times in the head and face and that as a part of this planned attack, inmate Brandon had slept with shower ring in the sock for four nights before the incident. (Id. at 6). Moreover, inmate Brandon admitted to officials to hitting plaintiff with the shower ring. (Id.).

Plaintiff maintains that BCSCC failed to preserve his safety and health when inmate Brandon was allowed to remove a shower ring, keep it for days, and use it as a weapon for striking him repeatedly in the head, shoulder, and face. (Id.). As a result, he has trouble concentrating, problems with his balance, severe anxiety attacks, memory lapses, and difficulty conveying his thoughts when he writes. (Id.). Because inmate Brandon was not charged with assault, this incident left him with doubts, mental problems, trust issues, and a feeling that he is "trapped in a haze," which he has worked on by himself, as he did not receive any psychological

treatment.  (Id. at 6-7).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2]  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

When considering a pro se litigant's allegations, a court holds them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  While at the same time, a court does not have license "to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010).  Moreover, the court treats as true factual allegations, but conclusory assertions or a recitation of a cause of action's elements are not treated as true. Iqbal, 556 U.S. at 681, 129 S.Ct. at 1951.  Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil

---

[2] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B).  Bilal v. Driver, 251 F.3d 1346,1348-49 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

### III. Discussion.

In order to have a viable § 1983 action, the entity sued must be capable of being sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). A corrections center or jail, however, is not a proper defendant under 42 U.S.C. § 1983 because it does not have a legal existence separate from the sheriff's department. Mayes v. Elrod, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979); see ALA. CODE § 14-6-1 (1940) (providing that the sheriff, or a jailer who is appointed by the sheriff, "has the legal custody and charge of the jail in his county and all prisoners committed thereto").

The capacity of a party to be sued is determined "by the law of the state where the court is located[.]" FED.R.CIV.P. 17(b) (2007); see Dean, 951 F.2d at 1214. In Alabama, a sheriff's department lacks the capacity to be sued. Dean, 951 F.2d at 1215; Firth v. Baldwin County Sheriff's Office, 2008 WL 2441046, at 3-4 (S.D. Ala. 2008) (unpublished); Ex Parte Haralson, 853 So.2d 928, 931 (Ala. 2003); King v. Colbert County, 620 So.2d 623, 626 (Ala. 1993); White v. Birchfield, 582 So.2d 1085, 1087 (Ala. 1991). Because the corrections center or jail is operated by the county sheriff's office, which lacks the capacity to be sued, the corrections center or jail likewise lacks the capacity to be sued. Marsden v. Federal Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (finding that the jail is not an entity amenable to suit); Curtis v. Baldwin County Correction Ctr., 2009 WL 2596495, at *1 (S.D. Ala. 2009) (unpublished) (same); Russell v. Mobile County Sheriff, 2000 WL 1848470, at

*2 (S.D. Ala. Nov. 20, 2000) (unpublished) (same). Therefore, the Court determines that the BCSCC is not a suable entity for the purposes of a § 1983 action. Accordingly, plaintiff's complaint is frivolous as a matter of law.

### IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. Billingsley, supra. In the event that plaintiff can state a viable claim for a violation of his constitutional rights against a governmental official or entity, he may file an amended complaint within the time period for filing objections to the report and recommendation or he may file a separate action within two years from the date when the incident occurred, i.e., on September 21, 2015. Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.) (holding the statute of limitation for a § 1983 action filed in Alabama is two years), cert. denied, 506 U.S. 917 (1992).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of August 2016.

>   */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**